THIS ORDER IS APPROVED.

Dated: April 30, 2012

James M. Marlar, Chief Bankruptcy Judge

Ronald L. Hoffbauer (State Bar No. 6888)
DAVID WROBLEWSKI & ASSOCIATES
20 E. Thomas Rd. Ste. 2600
Phoenix, Arizona 85012
Tel:  602.266.4570
Fax:  602.230.2027
Ronaldh@arizonalawcenter.com
Attorney for Debtors

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In re:

MARK D MILLS
xxx-xx-5482
And
SUZETTE P MILLS
xxx-xx-0609

112 S. 110th Drive
Avondale, AZ 85323

Debtors.

In Proceedings Under Chapter 13

Case No.: 2:10-bk-28505 JMM

**STIPULATED ORDER CONFIRMING SECOND AMENDED CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSE**

The Second Amended Chapter 13 Plan having been properly noticed out to creditors,

**IT IS ORDERED** Confirming the Second Amended Plan of the Debtors as follows:

1. **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

    a. Future Earnings or Income. Debtors shall make the following monthly Plan Payments:

| Months | Dates | Payments |
|---|---|---|
| 1 – 1 | October 2010 | $690.00 |
| 2 – 2 | November 2010 | $ 0.00 |
| 3 – 4 | December 2010 through January 2011 | $690.00 |
| 5 – 7 | February 2011 through April 2011 | $ 0.00 |
| 8 –11 | May 2011 through August 2011 | $355.00 |
| 12-15 | September 2011 through December 2011 | $ 0.00 |
| 16-43 | January 2012 through April 2014 | $475.00 |
| 44-60 | May 2014 through September 2015 | $800.00 |

The payments are due on or before the 7th day of each month commencing October, 2010. Debtors are advised that when payments are remitted late, additional interest may accrue on

In re: Mark and Suzette Mills
Case No.: 2:10-bk-28505 JMM

secured debts, which may result in a funding shortfall at the end of the Plan term. **Any funding shortfall must be cured before the plan can be discharged.**

The Debtors shall provide, directly to the Trustee copies of their **federal** and **state** income tax returns for 2010, 2011, 2012 and 2013 while in the bankruptcy case, within 15 days of filing. The purpose is to assist the Trustee in determining any change in Debtors' annual disposable income.

    b. Other Property. In the event that other property is submitted, it shall be treated as supplemental payments. In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

2. **DURATION.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph 1(a) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

3. **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. §586(e), then the Trustee will pay creditors in the following order:

    a. Administrative Expenses:

    Attorney Fees. Debtors agreed to a flat fee of $4,000.00. Phillips & Associates shall be allowed total compensation of $4,000.00. Phillips & Associates received $4,000.00 prior to filing this case and will be paid $ 0.00 by the Chapter 13 Trustee. David Wroblewski and Associates shall be allowed total compensation of $ 0.00 and will be paid $ 0.00 by the Chapter 13 Trustee for completion of the items in Section F(1) of the Amended Plan.

    b. Claims Secured by Real Property:

    **WELLS FARGO BANK, N.A.,** secured by a lien on Debtors' primary residence located at 112 S. 110th Drive, Avondale, Arizona, shall not be paid through the Plan. Regular post-petition payments will be made outside the Plan direct to the secured creditor by the Debtors.

    **GE MONEY BANK**, is secured by a second deed of trust in the Debtors' residence located at 112 S. 110th Drive, Avondale, Arizona. The lien of **GE MONEY BANK** shall be avoided by separate order of this Court. As a result of the avoidance of the lien of **GE MONEY BANK, GE MONEY BANK** shall not be paid through the Plan as a secured creditor, or direct by the Debtors. Rather any filed claim of **GE MONEY BANK** for this debt shall be classified and paid as a general unsecured claim.

    **ROOSEVELT PARK UNIT ONE COMMUNITY ASSOCIATION** is secured in accordance with the CC&R(s). The Debtors' payments are current to **ROOSEVELT PARK UNIT ONE COMMUNITY ASSOCIATION**, which has filed no proof of claim; therefore, no funds shall be paid to it by the Trustee through this Plan. The

In re: Mark and Suzette Mills
Case No.: 2:10-bk-28505 JMM

2

Case 2:10-bk-28505-DPC    Doc 46    Filed 04/30/12    Entered 04/30/12 14:42:42    Desc
Main Document - Amended Chapter 13 Plan and Notice of Date to File Objection    Page 2 of 5

Debtors shall continue to make regular contractual payments direct to **ROOSEVELT PARK UNIT ONE COMMUNITY ASSOCIATION** outside of the Plan.

   c. Claims Secured by Personal Property:

**WELLS FARGO FINANCIAL NATIONAL BANK (Roomstore)**, secured by FURNITURE, shall be paid $4,848.65 together with interest at 0.0%. **WELLS FARGO FINANCIAL NATIONAL BANK** shall <u>not</u> receive adequate protection payments. This claim is bifurcated and the balance of the claim shall be classified and paid as a non-priority general unsecured claim.

**WELLS FARGO FINANCIAL NATIONAL BANK (Mor Furniture)**, secured by FURNITURE, shall be paid $1,599.34 together with interest at 0.0%. **WELLS FARGO FINANCIAL NATIONAL BANK** shall <u>not</u> receive adequate protection payments. This claim is bifurcated and the balance of the claim shall be classified and paid as a non-priority general unsecured claim.

   d. Unsecured Priority Claims:

**INTERNAL REVENUE SERVICE**, filed a proof of claim setting forth that $4,850.00 is entitled for priority for the following years: 2010. The priority amount shall be paid through the Debtors' Plan, and any remaining balance shall be treated as a general unsecured claim

   e. Leases or Executory Contracts. The following leases and/or executor contracts are assumed or rejected as follows:

| Party | Description | Action |
|---|---|---|
| DirectTV | Satellite TV Service | ~~Assume~~ |
| Monotronics | Home Security Services | ~~Assume~~ |
| Sprint | Cell Phone Service | Assume |
| Verizon | Cell Phone Service | Assume |

   f. Surrendered Property.

NONE

   g. Co-Debtor Claim(s):

NONE

   h. Other Provisions:

NONE

   i. Unsecured Non-priority Claims. All other claims shall be classified as unsecured and non-priority. Such claims shall be paid pro rata the balance of the payments under the

In re: Mark and Suzette Mills
Case No.: 2:10-bk-28505 JMM

3

Case 2:10-bk-28505-DPC    Doc 46    Filed 04/30/12    Entered 04/30/12 14:42:42    Desc
Main Document - Amended Chapter 13 Plan and Notice of Date to File Objection    Page 3 of 5

Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328.

4. **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation.

**DATED SIGNED AND ORDERED AS STATED ABOVE**

Approved as to Form and Content By:

| DAVID WROBLEWSKI & ASSOCIATES | STANDING CHAPTER 13 TRUSTEE |
|---|---|
| By: /s/ Ronald L. Hoffbauer | By: Russell Brown 2012.04.23 10:07:27 -07'00' |
| Ronald L. Hoffbauer | Russell Brown |
| 20 East Thomas Road, Suite 2600 | 3838 N. Central Avenue, Suite 800 |
| Phoenix, AZ 85012 | Phoenix, AZ 85012-1965 |
| *Attorneys for Debtors* | |

**CERTIFICATION OF DEBTORS:** I, Mark D. Mills and I, Suzette P. Mills, hereby certify as follows:

1. I have reviewed the foregoing Stipulated Order Confirming Chapter 13 Plan in this case, and that I approve the same; and

2. I have filed all applicable Federal, State, and local tax returns as required by U.S.C. § 1308; and

3. I have no domestic support obligations.

The Debtors certify: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the time of filing the Petition.

/s/ Mark D. Mills
Mark D. Mills

/s/ Suzette P. Mills
Suzette P. Mills

In re: Mark and Suzette Mills
Case No.: 2:10-bk-28505 JMM

4

Case 2:10-bk-28505-DPC   Doc 46   Filed 04/30/12   Entered 04/30/12 14:42:42   Desc
Main Document - Amended Chapter 13 Plan and Notice of Date to File Objection   Page 4 of 5

**Plan Summary.** If there are any discrepancies between the Plan and this Plan analysis, the provisions of the confirmed Plan control.
    Administrative Expense:.................................................................................................$0.00
    Priority claims:.........................................................................................................$4,850.00
    Payments on Leases or to cure Defaults, Including Interest:..........................................$0.00
    Payments on Secured claims, Including Interest ......................................................$6,447.99
    Payments on Unsecured, Non-priority Claims: .....................................................$16,053.01
    Subtotal:.................................................................................................................$27,351.00
    Trustee's Compensations (10%) of Debtors' Payments): .........................................$3,039.00
    Total Plan Payments: ............................................................................................$30,390.00

**Section 1325 Analysis.**
    (1) Best Interest of Creditors Test:
        (a) Value of Debtors; Interest in nonexempt property: ....................................$1,420.00
        (b) Plus; Value of property recoverable under avoiding powers: ............................$0.00
        (c) Less: estimated Chapter 7 administrative expenses: .......................................$355.00
        (d) Less: Amount payable to unsecured priority creditors: .....................................$0.00
        (e) **Equals**: Est. amount payable to unsecured, non-priority claims if debtors filed Chapter 7: ..........................................................................................................$1,065.00

Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income
    (2) Section 1325(b) Analysis;
        (a) Amount from line 59, form B22C, Statement of Current Monthly Income: ..$3,660.09
        (b) Applicable Commitment Period: ...............................................................................x 60
        (c) Section 1325(b) amount ((B)(1)amount times 60): .....................................$219.605.40
    (3) Estimated Payment to Unsecured, Non-priority Creditors under the Plan: ........$16,053.01

In re: Mark and Suzette Mills
Case No.: 2:10-bk-28505 JMM

